IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| EFRAIN HERNANDEZ ESPARZA,<br>BOP No. 58682-177,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | 2:20-CV-120-Z-BR<br>(CR NO. 2:19-CR-069-Z-BR (1)) |

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Before the Court is Efrain Hernandez Esparza's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, submitted to the prison mail system for filing on May 13, 2020 (ECF No. 2) ("Motion"). Additionally, on May 3, 2021, well after the one-year filing deadline, a third party submitted a filing "on [Petitioner's] behalf," attempted to bring amended claims. (ECF No. 6) ("Proposed Amendment"). The Respondent filed a Response to the Motion. *See* ECF No. 5. For the reasons set forth below, the Motion and Proposed Amendment are **DENIED**.

### BACKGROUND

Petitioner moves to set aside his conviction and sentence under 28 U.S.C. § 2255. On April 25, 2019, Petitioner was indicted for conspiracy to distribute and possess with intent to distribute methamphetamine (Count 1), possession with intent to distribute methamphetamine (Count 2), distribution and possession with intent to distribute methamphetamine (Count 3), convicted felon in possession of a firearm (Count 4), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841 (b)(1)(C) and 18 U.S.C. §§ 922(g)(1),

924(a)(2), 924(c)(1)(A), 924(c)(1)(A)(1). *See* CR ECF No. 14.[1] Pursuant to a Plea Agreement, the Petitioner pled guilty to counts four and five of the indictment — the remaining counts were dismissed — and he waived the right to appeal his sentence and conviction. CR ECF No. 21 at 1–2. On November 14, 2019, the district court sentenced Petitioner to 63 months in prison and a three-year term of supervised release as to Count Four and to 60 months imprisonment, to run consecutive to Count Four, as to Count Five. CR ECF No. 43. Petitioner did not appeal his conviction.

By his Motion, Petitioner argues: (1) his plea was involuntary because he believed he was pleading guilty solely to one count of the indictment; (2) his conviction is barred by double jeopardy; and (3) he received ineffective assistance of trial counsel because trial counsel failed to challenge the violation of double jeopardy and failed to properly advise him concerning the consequences of his plea. ECF No. 2 at 7–10. Petitioner's Proposed Amended claims are not properly before this Court for the reasons stated below. *See* ECF No. 6.

**LEGAL STANDARD**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a petitioner to file all of his claims for habeas relief within one year after his conviction becomes final. 28 U.S.C. § 2255(f)(1). If a petitioner does not seek leave to amend his claims during this time period, then all his claims — including the proposed amendments — must relate back to his original timely filed claims to be considered. *See* FED. R. CIV. P. 15(c)(1); *see also United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . . ." FED. R. CIV. P. 15(c)(1)(B).

---

[1] Record citations to Petitioner's criminal case, *United States v. Esparza*, 2:19-CR-069-Z-BR-1 shall be to "CR ECF No." throughout this Opinion.

2

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a § 2255, a Petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

### ANALYSIS

First, the Court finds that Petitioner's Proposed Amendment — ECF No. 6 — is untimely, and the claims contained therein (additional IAC claims) are therefore **DENIED** as barred by limitations under AEDPA. Moreover, the Court cannot consider these claims as they were not properly presented by the Petitioner himself in the course of a regular filing and were submitted to the Clerk's Office by a non-attorney third party.

Petitioner first alleges his plea was not voluntary. Whether a guilty plea is knowing looks to whether the defendant understands the direct consequences of his plea including the maximum possible penalty, while voluntariness looks to whether the plea was induced by threats, misrepresentation, unfulfilled promises, or improper promises. *United States v. Hernandez*, 234 F.3d 252, 254, 254 n.3 (5th Cir. 2000) (28 U.S.C. § 2255 case); *see also* FED. R. CRIM. P. 11(b)(2) (voluntariness inquiry). Regarding sentencing consequences, the defendant must know only his "maximum prison term and fine for the offense charged." *United States v. Guerra*, 94 F.3d 989, 995

(5th Cir. 1996) (internal marks omitted). In making this determination, this court bears in mind that "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal marks omitted). A defendant ordinarily may not refute testimony given under oath at a plea hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (28 U.S.C. § 2255 case).

By his Plea Agreement, Petitioner acknowledged the maximum possible penalties for *both* counts of conviction. CR ECF No. 21 at 2–3. Under oath, Petitioner told the Court that he understood the nature of the charges in the indictment and that he wished to plead guilty as set forth in the Plea Agreement. CR ECF No. 48 at 3. He also acknowledged that he understood his Plea Agreement. *Id*. The Court explained the maximum possible sentence and Petitioner affirmed his understanding that the Court could sentence him to this amount. *Id*. at 24–25. Petitioner also admitted that the factual resume was true and correct, wherein he admitted to *both* counts as convicted. CR ECF No. 22.

Petitioner had full knowledge of the maximum possible penalties for his offenses of conviction prior to his guilty plea. Petitioner also gave sworn testimony that he was not promised a specific sentence or threatened to plead guilty. Petitioner cannot rebut the strong presumption that these statements were true — but that his plea instead was *un*knowing or *in*voluntary — so he therefore cannot establish actual prejudice to overcome his procedural default by his failure to challenge the voluntary nature of his plea on direct appeal. *See United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc). Thus, Petitioner's first ground for relief is **DENIED**.

Next, Petitioner argues that his plea and conviction were barred by double jeopardy. ECF 2 at 7–10. Petitioner argues that the Supreme Court decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), renders his conviction under 924(c) invalid under double jeopardy principles. ECF 2 at 8. However, the *Davis* holding does not apply to challenges to 924(c) convictions, and Petitioner's argument lacks merit. *See United States v. Ross*, 793 Fed. Appx. 334, 334 (5th Cir. 2020) (reasoning

that *Davis* has no impact on a Section 924(c) conviction predicated on a drug trafficking crime). Petitioner's challenge to double jeopardy is also waived by the appellate waiver contained in Petitioner's Plea Agreement. Such waivers are enforceable. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Petitioner chose to waive these types of challenges to his conviction and such waiver should be enforced here. *See United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002).

Additionally, Petitioner's second ground for relief is procedurally defaulted. Even if Petitioner argues that he should have been permitted to appeal a double jeopardy violation despite the Plea Agreement, he in fact did not file an appeal. A Section 2255 Motion is *not* a substitute for an appeal. *See Brown v. United States*, 480 F.2d 1036, 1038 (5th Cir. 1973). Petitioner must show cause and prejudice for why he defaulted on these claims, and he fails to do so. *United States v. Frady*, 456 U.S. 152, 165 (1982). Thus, Petitioner's second ground for relief is **DENIED**.

Petitioner additionally challenges trial counsel's effectiveness for failure to raise his purposed double jeopardy claims. ECF 2 at 7–9. As the Court has explained, Petitioner's understanding of *Davis* is faulty — and counsel cannot be deficient for failing to raise a non-meritorious argument to the district court. Thus, Petitioner's Motion is **DENIED**.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1) (B). Although the Petitioner has not yet filed a notice of appeal, this Court preemptively addresses whether he would be entitled to a certificate of appealability ("COA"). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled

on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has fully explained what is required for a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Reasonable jurists could not debate the denial of the Petitioner's Section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court finds that the Petitioner is not entitled to a certificate of appealability as to his claims.

### CONCLUSION

For the reasons set forth above, the Motion filed by Petitioner is **DENIED**.

**SO ORDERED.**

June 26, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE